**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

IN RE:

Emerald Shores Owners' Association, Inc.      CASE NO.: 08-50039-LMK

CHAPTER: 7

    Debtor.
_____/

Bart Kennedy, Patrick Kennedy, Ronnie Waters,
Judith Waters, Terry McGill, Jean McGill,
Don Perrin, & Harry Brazell,

    Plaintiffs,

v.     ADV. PRO. NO.: 08-05009-LMK

Sherry Chancellor,

    Defendant / Third-Party Plaintiff,

v.

Frank Baker,

    Third-Party Defendant.
_____/

**ORDER ON THIRD-PARTY DEFENDANT'S MOTION TO DISMISS
COUNTER-COMPLAINT OF SHERRY F. CHANCELLOR**

THIS MATTER came before the Court for hearing to consider the Third-Party Defendant, Frank Baker's, Motion to Dismiss (The "Motion to Dismiss", Doc. 8) for improper use of third-party practice under Rule 14 Fed R. Civ. P., incorporated in Bankruptcy by Rule 7014 Fed. R. Bankr. P. The issue is whether the Trustee, Defendant/ Third-Party Plaintiff's, complaint against Frank Baker is a permissible use of third-party practice.

**Background**

The Debtor, Emerald Shores Owner's Association, Inc., filed a petition under Chapter 7 of the Bankruptcy Code on February 1, 2008. The Petition was filed in the U.S. Bankruptcy Court for the Northern District of Florida. This adversary proceeding was commenced on June 16, 2008, by the filing of a com-

plaint for declaratory judgment (the "Complaint", Doc. 1) by various unit owners of the Emerald Shores Condominium, seeking a determination as to the status of various funds held by the Trustee, Sherry Chancellor. The Trustee's July 8, 2008, answer (The "Answer", Doc. 6) included a counter-complaint which sought to recover other funds alleged to be fraudulently transferred, not from the individual unit owners of Emerald Shores, but from the Owner's Association of Emerald Shores to the Plaintiffs' attorney in this adversary proceeding, Frank Baker. Frank Baker filed a Motion to Dismiss, which is before this court for consideration.

The Motion to Dismiss asserts in ¶ 3, that the Trustee's counter-complaint does not form a proper "counter-claim" in that it does not seek relief of any kind against the Plaintiffs, and also that the "counter-claim" does not constitute a proper third-party complaint because it does not assert a claim against a third party who is or may be liable for all or part of the claim against the defendant, as envisioned by Rule 14, Fed. R. Civ. P, incorporated in bankruptcy by Rule 7014, Fed. R. Bankr. P.

## DISCUSSION

This Court possesses broad discretion to allow a defending party to implead a third-party if permitting impleader will further the purposes of Rule 14 by avoiding circuity of actions or by eliminating duplication of suits based upon closely related matters. *See* Wright, Miller, & Kane, Federal Practice & Procedure: Civil 2d § 1442. This Court's discretion, however, is not unlimited and it may not be exercised where the third party's liability is in no way dependent on the outcome of the main claim. "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative. It is not sufficient that the third-party claim is a related claim." *In Re Street*, 283 B.R. 775, 781 (Bankr. D. Ariz. 2002), (quoting *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983)). *In Re Street* also quoted Wright, Miller, & Kane, Federal Practice & Procedure: Civil § 1443 for the proposition that, "the Court's discretion, 'should be exercised only when the claim is within the scope of impleader established by the Federal Rules of Civil Procedure.'" Id.

In this case, the Trustee's claim against the Third Party Defendant is in no way secondary to, derivative of, or dependent upon the outcome of the main claim. The Trustee is attempting to avoid a transfer of funds to the third-party Defendant which are separate and distinct from the funds at issue in the primary

action. Therefore, it is apparent that the Trustee's attempted use of Rule 14 is an impermissible attempt to employ third-party practice beyond the scope of impleader established by the Federal Rules of Civil Procedure.

Having noted the foregoing, I find it unnecessary to address the claims in ¶ 4 & 5, of the Third-Party Defendant's Motion to Dismiss, and the entry of this order renders the Plaintiffs' Motion to Dismiss (Doc. 7) moot. Accordingly it is hereby

ORDERED and ADJUDGED that the Third-Party Defendant's Motion to Dismiss (Doc. 10), is GRANTED without prejudice.

DONE and ORDERED in Tallahassee, Florida this 8th day of October, 2008.

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: All interested parties